# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-CR-224 (5) (NEB/DTS) |
| Plaintiff, | |
| v. | PRELIMINARY ORDER OF FORFEITURE |
| GUHAAD HASHI SAID, | |
| Defendant. | |

Based on the United States' Motion for a Preliminary Order of Forfeiture; on the Indictment; on the Plea Agreement between the United States and Defendant Guhaad Hashi Said; and on the Court having found that an order of forfeiture is authorized pursuant to 18 U.S.C. § 981(a)(1)(c) in connection with 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, as a result of the charge to which the Defendant pled guilty, IT IS HEREBY ORDERED that:

1. The United States' Motion for a Preliminary Order of Forfeiture (ECF No. 470) is GRANTED;

2. A money judgment forfeiture is entered against Defendant Said, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), in the amount $167,492;

3. Defendant shall receive credit against the $167,492 money judgment forfeiture for the net forfeited value of each asset that is forfeited from him in connection with this case;

4. Defendant is ordered to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2)(C), any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of Count 1 of the Indictment;

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3) and (c)(1)(B), and 21 U.S.C. § 853(m), the United States may conduct discovery as to Defendant to identify property subject to forfeiture under the terms of this order and to address any factual issues raised by a third-party petition filed pursuant to Fed. R. Crim. P. 32.2(c);

6. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing, and shall be made a part of the sentence and included in the judgment;

7. Following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall

have clear title to the Property and may warrant good title to any subsequent purchaser or transferee; and

8. This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

Dated: March 12, 2026                    BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge